

NUMBER 13-18-00585-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CHARLENE J. HARRISON,                                 **Appellant,**

**v.**

**U.S. BANK TRUST, N.A. AS TRUSTEE
FOR LSF10 MASTER PARTICIPATION TRUST,**      **Appellee.**

## On appeal from the 220th District Court
## of Bosque County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Justice Benavides**

Appellant Charlene J. Harrison attempted to perfect an appeal from an order entered by the 220th District Court of Bosque County, Texas in cause number CV17218.[1] Based upon the clerk's record, appellant seeks to appeal an order granting appellee's

---

[1] Her appeal was transferred to this Court from the Tenth Court of Appeals by order of the Texas

application for expedited foreclosure pursuant to Texas Rule of Civil Procedure 736.1. *See* TEX. R. CIV. P. 736.1.   Rule 736.8 provides that an order granting or denying the Rule 736 application "is not subject to a motion for rehearing, new trial, bill of review, or appeal."   *Id.* R. 736.8(c).   The rule further provides that "[a]ny challenge to a Rule 736 order must be made in a suit filed in a separate, independent, original proceeding in a court of competent jurisdiction."   *Id.*   Consequently, we do not have jurisdiction over this appeal.   *See id.; see also Mascorro v. Deutsche Bank Nat'l Tr. Co. for Registered Holders of Long Beach Loan Tr. 2006-5, Asset-Backed Certificates, Series 2006-5*, No. 08-18-00137-CV, 2018 WL 4103322, at *1 (Tex. App.—El Paso Aug. 29, 2018, no pet.) (mem. op.).

On October 24, 2018, the Clerk of this Court notified appellant that it appeared that we lacked jurisdiction over the appeal so that steps could be taken to correct the defect if it could be done.   *See* TEX. R. APP. P. 37.1, 42.3.   Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of this notice, the appeal would be dismissed for want of jurisdiction.   Appellant failed to respond to the Court's notice.

The Court, having considered the documents on file and appellant's failure to correct the defect in this matter, is of the opinion that the appeal should be dismissed for

Supreme Court.   *See* TEX. GOV'T CODE ANN. § 22.220(a) (West, Westlaw through 2017 1st C.S.) (delineating the jurisdiction of the intermediate appellate courts); TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 1st C.S.) (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer).

want of jurisdiction. *See id.* Accordingly, the appeal is DISMISSED FOR WANT OF JURISDICTION.

GINA M. BENAVIDES,
Justice

Delivered and filed the
31st day of January, 2019.

3